UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSA ACOSTA, *et al.*,

    *Plaintiffs*,

v.

BRAVO BRAVO, INC., *et al.*,

    *Defendants*.

Civil Action No. 24-03167 (AHA)

## Memorandum Opinion

Plaintiffs allege that Defendants misappropriated their photographs to advertise a nightclub. ECF No. 1 at ¶¶ 1–2. Because Plaintiffs have failed to exercise reasonable diligence in prosecuting their claims, this matter is dismissed without prejudice.

Plaintiffs filed this action on November 8, 2024. ECF No. 1. Under Federal Rule of Civil Procedure 4(m), Plaintiffs were required to serve process within ninety days, or by February 6, 2025. On February 27, 2025, the Court noted that Plaintiffs had taken no action since filing their complaint. Minute Order (Feb. 27, 2025). The Court ordered Plaintiffs to show cause by March 6, 2025, why the case should not be dismissed for failure to prosecute or failure to timely serve. *Id.* Plaintiffs responded on the deadline and explained that they had made "diligent efforts to secure service" but "to no avail." ECF No. 6 ¶ 2. They "requested service through the District of Columbia's Mayor's office" instead, informed the Court that the Mayor's office should be able to effect service within thirty days, and moved for a thirty-day extension of their service deadline. *Id.* ¶¶ 3–5. The Court granted the extension and directed Plaintiffs to effect service by April 7, 2025. Minute Order (Mar. 7, 2025).

Plaintiffs missed the April 7 deadline. The Court again ordered Plaintiffs to either file proof of service or show cause by April 25, 2025, why the case should not be dismissed for failure to prosecute or failure to timely serve. Minute Order (Apr. 17, 2025). Plaintiffs responded on the deadline and said that the Mayor's office had not confirmed receipt of the documents they were supposed to serve on Defendants, so "Plaintiffs will have to hire a service of process company to take the case documents" to the Mayor's office. ECF No. 8 ¶ 6. Plaintiffs repeated that they expected the Mayor's office to effect service within thirty days, but did not move for any extension of their service deadline. *Id.* ¶ 7. Even if they had, that thirty-day window would have elapsed a month ago. Plaintiffs have not sought any extensions or otherwise taken action since April.

The Court may dismiss a case for failure to prosecute "upon the Court's own motion." Local Civ. R. 83.23; *see Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order."). Plaintiffs have missed multiple service deadlines—including deadlines they requested—and failed to seek extensions. Accordingly, the Court dismisses this action without prejudice for failure to prosecute. *See, e.g.*, *Hatton v. Mehrotra*, No. 22-cv-1587, 2022 WL 17146752, at *1 (D.D.C. Nov. 22, 2022).

A separate order consistent with this decision accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   June 25, 2025